IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RONALD JOHN SONSALLA,

               Plaintiff,

v.                                                                            OPINION and ORDER

HAWKS QUINDEL, S.C.,                                         22-cv-739-jdp
NICHOLAS FAIRWEATHER, and SARAH DAHL,[1]

               Defendants.

---

Ronald John Sonsalla, appearing pro se, has filed this lawsuit against Hawks Quindel, S.C., one of its lawyers, Nicholas Fairweather, and human resources officer Sarah Dahl for what he contends was inadequate legal representation by defendants. Defendants Hawks Quindel and Dahl have filed a motion asking the court to screen the complaint, Dkt. 11, which I will grant. Although Sonsalla is not a prisoner and he has paid the entire filing fee, this court retains the inherent authority "to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). The court also has an independent obligation to ensure that it has jurisdiction over plaintiffs' claims. *See Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 731 (7th Cir. 2021).

Sonsalla's complaint does not establish that the court has jurisdiction to hear this case. Federal courts have limited jurisdiction. *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Generally, this court may hear only cases: (1) that arise under federal law, 28 U.S.C. § 1331; or (2) in which the parties in suit are citizens of

---

[1] I have amended the caption to reflect the proper spelling of defendants' names as reflected in their filings.

different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. Sonsalla's complaint states that he is suing under state law, which is correct given his asserted legal malpractice claims, but he has not properly alleged that defendants are citizens of different states from him, and it is unlikely that this is so. Sonsalla states that he is a citizen of "United," Dkt. 1, at 1, by which I take to mean the United States, and that he resides in Wisconsin. He states that defendants reside in Wisconsin but he doesn't state their citizenship (although they state that they are Wisconsin citizens). But "[c]itizenship means domicile (the person's long-term plan for a state of habitation) rather than just current residence." *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014). And a party's *state* citizenship is what matters in this case.

I will give Sonsalla a short time to submit a supplement to his complaint alleging the parties' state citizenships or including any other explanation for why he believes that this federal court has jurisdiction over his claims. If Sonsalla fails to file a supplement, I will dismiss the case.

The parties have also filed a series of papers about service of the complaint, which I will consider should Sonsalla show that this court has jurisdiction to hear the case.

ORDER

IT IS ORDERED that:

1. Defendants' motion to screen the complaint, Dkt. 11, is GRANTED.

2. Plaintiff Ronald John Sonsalla may have until August 23, 2023, to show cause why the case should not be dismissed for lack of jurisdiction.

Entered August 2, 2023.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        JAMES D. PETERSON
                                        District Judge